19 F.3d 1433
 148 L.R.R.M. (BNA) 2128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J & W DRYWALL, LATHER & PLASTERING CO., INC.; J & W
Plastering Co., Inc.; and Willie Williams, Respondents.
 No. 92-6500.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The National Labor Relations Board has applied to this court for entry of a judgment enforcing its order finding that the respondents violated section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(5). Respondents argue that the Board's order is invalid because the respondents received inadequate notice of the NLRB proceedings. We reject the respondent's argument and enter a judgment enforcing the NLRB's order.
 
 I.
 
 2
 On December 18, 1991, the Painters District Council No. 22 filed an unfair labor practice charge against certain of the respondents. The charge alleged that the respondents had failed to pay contractual wage rates and fringe benefit contributions. A copy of the charge was mailed to respondents by certified mail, but was returned to the NLRB marked "refused."
 
 
 3
 On February 13, 1992, the NLRB's Detroit Regional Office issued a combined unfair labor practice complaint and compliance specification against respondents. Again, the copy of the complaint mailed to respondents was returned to the NLRB marked "refused." The NLRB has provided a proof of service affidavit showing that it attempted service a second time on February 19, 1992, this time by regular mail.
 
 
 4
 The NLRB's rules required that respondents file an answer to the combined complaint and compliance specification by March 5, 1992. When that date passed without an answer, an NLRB agent wrote a letter to respondents informing them of the lapse and giving them until March 25, 1992, to file an answer. The letter warned that any answer filed would be late and must be accompanied by a statement explaining the reasons for the tardy filing. The letter also informed respondents that if no answer were filed by March 25, 1992, the NLRB would file a motion for a default judgment. This letter was mailed to respondents via certified mail and was again returned to the NLRB marked "refused." A second copy of the letter was sent by regular mail.
 
 
 5
 On April 21, 1992, the NLRB's General Counsel filed a motion for summary judgment accompanied by a motion to transfer the proceedings to the NLRB office in Washington, D.C. Again, the copy of the motion sent to respondents through certified mail was returned as "refused." On April 24, 1992, the NLRB served the motion via regular mail. On April 29, 1992, the NLRB entered an order transferring the case to the Washington, D.C. office and giving respondents until May 13, 1992, to show cause why the motion for summary judgment should not be granted.
 
 
 6
 Respondents filed their answers to the combined complaint and to the motion for summary judgment on May 28, 1992. In those documents, they argued that the untimely filing should be excused because the first notice they received of the proceedings was the copy of the motion for summary judgment sent by regular mail. They denied refusing the December 18 and February 13 mailings by the NLRB. Respondents also argued that certified mail is an inadequate method for providing notice and that all the notices from the NLRB should have been mailed both by certified mail and by regular mail.
 
 
 7
 The NLRB rejected respondents arguments, stating:
 
 
 8
 Section 102.113 of the Board's Rules and Regulations specifies that charges, complaints, "and other process and papers of the Board" may be served by certified mail and that a return post office receipt shall be proof of service by this method. The General Counsel's Motion for Default Judgment and his reply to the Respondents' answer to the motion collectively allege that the Respondents refused service by properly addressed certified mail of the charge on December 19, 1991, of the consolidated complaint and compliance specification on February 14, 1992, of the acting Regional attorney's warning letter on March 12, 1992, and of the Motion for Default Judgment on April 23 and May 1, 1992. In support of this allegation, the General Counsel has submitted affidavits of service and copies of the certified mail envelope for each legal document. All envelopes bear Postal Service marks indicating that the addressee "refused" to accept them.
 
 
 9
 It is well established that a refusal to accept certified mailing of legal process cannot serve to defeat the purposes of the Act.... The General Counsel has submitted sufficient prima facie proof of the allegation that the Respondents refused to accept service by certified mail of the charge and the consolidated complaint and compliance specification, and the warning letter. The Respondents' bare denial of these allegations fails to rebut the prima facie proof or to create an issue of fact warranting a hearing. Furthermore, the General Counsel alleges, with supporting documentary proof, that the consolidated complaint and compliance specification and the acting Regional attorney's warning letter were also sent by regular mail, the mode of service which the Respondents admit is reliable and by which the Respondents admit receiving the Motion for Default Summary Judgment. The failure of the Postal Service to return documents served by regular mail indicates actual receipt of those documents by the Respondents.... We therefore find that the Respondents were properly served copies of the charge and the consolidated complaint and compliance specification, and the warning letter.
 
 
 10
 In the absence of good cause being shown for the failure to file a timely answer, we deny the Respondents' request to file a belated answer and we grant the General Counsel's Motion for Default Judgment.
 
 
 11
 (Footnote and citations omitted.) The Board made findings of fact consistent with the complaint and formulated a remedy against respondents. The Board now applies to this court for enforcement of its order.
 
 II.
 
 12
 Respondents ask us to decline to enforce the order because they did not receive adequate notice of the proceedings. They support this contention by advancing the same reasons that they proffered to the NLRB to excuse their tardy filing; namely, that certified mail is an inadequate vehicle for providing notice and that the documents should also have been sent by regular mail.
 
 
 13
 We use the abuse of discretion standard to determine whether "the Board erred in finding no 'good cause' for accepting an untimely answer to a Board-issued specification." Father & Sons Lumber & Bldg. Supplies v. NLRB, 931 F.2d 1093, 1095 (6th Cir.1991). We must uphold the Board's finding of no good cause unless the Board's " 'construction of the good cause standard is so arbitrary as to defeat justice.' " Id. at 1096 (quoting NLRB v. Dane County Dairy, 795 F.2d 1313, 1320 (7th Cir.1986)).
 
 
 14
 Respondents have made no attempt to show that the NLRB's decision to reject their tardy filing was "so arbitrary as to defeat justice." Instead, respondents have simply reiterated the arguments they presented to the NLRB. The Board's decision is not arbitrary. It fully and accurately details the factual and legal bases justifying entry of summary default judgment against respondents for their failure to timely answer the complaint filed against them. Accordingly, the NLRB did not abuse its discretion in rejecting the answer and granting the General Counsel's motion for summary judgment.
 
 III.
 
 15
 For the foregoing reasons, we grant the NLRB's application for enforcement of its order.